■ In the Matter of the CITY OF NEW YORK, Appellant, Relative to Acquiring Title to Real Property in Richmond Parkway, Section II, in the Borough of Richmond. FRED P. GOLDHIRSCH et al., Respondents.— In a condemnation proceeding, the condemnor (city) appeals from the second, separate and partial final decree of the Supreme Court, Richmond County, dated December 29, 1972, which, after a nonjury trial, *inter alia,* fixed the compensation to which the owners of the damage parcels listed in the abstract annexed to the decree are entitled. Decree reversed, on the law and the facts, with one bill of costs jointly against respondents appearing separately and filing separate briefs, and new trial granted for the purpose of determining the actual damage to the easement-encumbered parcels as a result of the grading thereof, in accordance herewith. We find that the grading easements did not give the city the right to bar access in any manner (*Matter of City of New York* [*Quintard St.*], 47 A D 2d 644). Any future barring of access would constitute *de facto* appropriation, for which respondents would be newly entitled to compensation. The award upon the new trial shall be determined on the basis of actual damage to the easement-encumbered parcels as frontage along the Richmond Parkway service road, qua permanent easement and not qua fee. To this shall be added an evaluation of damages for the two-year, nine-month period of intrusion upon the parcels for the purpose of performing the grading work. The determination shall not include any award for alleged consequential damage to the rest of respondents' land. Gulotta, P. J., Hopkins, Cohalan, Christ and Munder, JJ., concur.

■ In the Matter of the CITY OF NEW YORK, Appellant, Relative to Acquiring Title to Real Property Bounded by Quintard Street and Additional Lands in the Borough of Richmond. FRANCIS W. STEINECKE et al., Respondents. — In a condemnation proceeding, the condemnor (city) appeals from the second separate and partial final decree of the Supreme Court, Richmond County, dated December 28, 1972, which, after a nonjury trial, *inter alia,* overruled its filed objections and fixed the compensation to which the owners of the damage parcels listed in the tabular abstract annexed to the decree are entitled. Decree reversed, on the law and the facts, with one bill of costs jointly against respondents appearing separately and filing separate briefs, and proceeding remanded to Special Term for the fixing of damages in accordance herewith. Special Term fixed the claimants' damages resulting from the appropriation by the city of slope easements as though there had been a full fee taking. On the facts in this proceeding the claimants are entitled to no more than nominal damages for the intrusion. A slope easement can result in fee damages if the

taking actually or potentially deprives the owner of access to, or the use and enjoyment of, his property (*Weber* v. *State of New York,* 25 A D 2d 584; *Elmbar Assoc.* v. *State of New York,* 15 A D 2d 970; *Morton* v. *State of New York,* 8 A D 2d 49, 51–52; *Spinner* v. *State of New York,* 4 A D 2d 987). Damages for full fee takings have been awarded in cases such as *Matter of City of New York* [*Bruckner Blvd.*] (58 Misc 2d 873) because the slope easement, even if only to fill the land to the legal grade, resulted in a denial of access to the land. The upper limiting plane of the easement here involved did not serve to deny access, actually or potentially, to the damage parcels and in no way interfered with the claimants' use or enjoyment of their property. Indeed, the work done by the city pursuant to the easement conferred a benefit upon the land (cf. *Caggiano* v. *State of New York,* 22 A D 2d 1011; *Avsanna-Kradjian* v. *State of New York,* 15 A D 2d 706). The ambiguous language of the taking, which stated that the appropriation was "not necessarily limited to" the depositing of slope fill, must be construed "in the light of its apparent object" and "upon consideration of the necessity to be supplied and no greater limitation will be placed upon what [the claimants] may do in the exercise of [the use of their land] than the public use requires" (*Jafco Realty Corp.* v. *State of New York,* 18 A D 2d 74, 75–76, affd. 14 N Y 2d 556; *Clark* v. *State of New York,* 20 A D 2d 182, affd. 15 N Y 2d 990, cf. *Wolfe* v. *State of New York,* 22 N Y 2d 292, 296–297). So construed, the slope easements did not deprive the claimants of the use and enjoyment of their land. If the exercise by the condemnor of a right will not affect or change the claimants' use or enjoyment of their property or limit their access to a road, but is, in fact, a benefit to the claimants, only nominal damages are recoverable (*Commonwealth of Kentucky* v. *Taylor,* 368 S. W. 2d 732, 734 [Ky.]). Hopkins, Acting P. J., Martuscello, Munder and Shapiro, JJ., concur.